Burton, J.,
delivered the opinion of the court.
This was an action of ejectment in the Common Law and Chancery Court of the City of Memphis.
At the trial, the court instructed the jury that the omission of the word, “voluntarily,” by the Clerk of the County Court of Shelby County, in a certificate of the privy examination of Mrs. Maria Dashiell as to her execution of the deed of E. H. Dashiell, Maria Dashiell, and B. A. Massey, trustee, to D. Partee, was fatal to the plaintiff’s ease, and that they •should find a verdict for the defendant.
*244 We do not agree with his Honor in the opinion so positively expressed by him.
In the first place, we would remark that it is almost impossible, from the reading of this record, to discover whether the deed referred to in his Honor’s charge was executed in 1850 or in 1858. The last character of the date is so written by the clerk as about equally to resemble an eight and a cypher. But after puzzling over it to our utmost wherever it occurs, as it does several times with the most perplexing uniformity of chirography, we conclude in favor of the figure eight.
It follows, therefore, that the privy examination-of Mrs. Dashiell was taken after the Code of Tennessee went into effect, and that its validity must be tested by the requirements of section 2076 thereof, by which the certificate of the clerk or commissioner is required to show that the deed was executed by her “freely, voluntarily, and understandingly, without compulsion or constraint from her husband, and for the-purposes therein expressed.”
The certificate of the clerk in the present case, as already intimated, is in precise accordance with the foregoing formula, except that the word, “voluntarily,” is omitted.
We do not think that this omission is fatal.
To certify that a thing is “ freely ” done, is, we think, equivalent to certifying that it was “voluntarily” done. The two words, to be sure, are not in all cases precisely synonymous; but either of them, we think, when used to characterize the doing of an *245 act, imports that it is done of the party’s own free will or volition. We therefore think that the use of both words is not indispensable.
In the case of W. J. Anderson v. J. W. Bowley, decided in 1872 at Knoxville, Freeman, J., delivering the opinion of the court, while remarking 'that it was safer and better to employ the express words of the statute, refused to hold that all of these were absolutely necessary, and that no equivalent words would suffice.
For this error, the judgment of the court below must be reversed.
We deem it unnecessary to notice other questions raised by counsel, or to discuss irregularities that probably took place upon the trial.